IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HERSCHELL FINCH                                              PETITIONER


v.                              Case No. 5:05CV00256 SWW/JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 10, 1982, Petitioner plead guilty in Independence County Circuit Court to first-degree murder and theft of property. He was sentenced to fifty (50) years imprisonment on the first-degree murder conviction and ten (10) years imprisonment on the theft of property conviction, the sentences to run concurrently. The commitment order was filed on or about December 13, 1982. Because Petitioner plead guilty, he could not

file a direct appeal from his convictions or sentences.  In March of 1989, Petitioner filed a petition in the sentencing court for correction of an illegal sentence pursuant to Ark. Code Ann. § 16-90-111, seeking to have his fifty-year and ten-year sentences ordered to run consecutively to a prior twenty-one (21) year sentence that was imposed on December 7, 1976.  On May 10, 1989, the circuit court entered an amended judgment and commitment order ordering that Petitioner's fifty-year and ten-year sentences run consecutively to his prior twenty-one year sentence.  As in the prior commitment order, the circuit court ordered Petitioner's fifty-year and ten-year sentences to run concurrently with each other.

On January 11, 2005, Petitioner filed a state petition for writ of habeas corpus in Pulaski County Circuit Court.  As his sole ground for relief, Petitioner asserted that the trial court lacked jurisdiction to order his fifty-year and ten-year sentences to run consecutively to his prior twenty-one year sentence, "which resulted in a sentence being imposed 156 months greater than his original sentence, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." On January 28, 2005, the circuit court denied the petition. Petitioner filed an untimely notice of appeal on March 8, 2005. Petitioner subsequently filed a motion for belated appeal with the Arkansas Supreme Court, asserting that he deposited the notice of appeal in the prison mailroom on February 22, 2005, well within the thirty-day deadline for filing a notice of appeal.  The Supreme Court refused to apply the prison mailbox rule to Petitioner's notice of appeal and found that Petitioner failed to establish good cause for his failure to comply with proper procedure.  Accordingly, the Supreme Court denied Petitioner's motion for belated appeal. Finch v. Norris, No. 05-577, 2005 Ark. LEXIS 445 (Ark. Sup. Ct. June 30, 2005).

On August 31, 2005, Petitioner filed his habeas petition in this Court.[1] As grounds

for relief, Petitioner asserts that:

1.   "The Trial Court lacked jurisdiction to order Petitioner's fifty and ten-year concurrent sentences to run consecutive[ly] to a previous sentence 78 months after the concurrent sentences were executed, which resulted in a sentence being imposed 156 months greater than his original sentence"; and

2.   "[H]is 50-year and 10-year consecutive sentence[s] - without credit for time served and good time earned as a concurrent sentence - is a greater sentence than the original sentence imposed and is in violation of his rights to trial by jury, the prohibition against double jeopardy, and fundamental due process."

In his response to Petitioner's habeas corpus petition, the Respondent asserts that

the petition is barred by the one-year statute of limitations provided in the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1).  The Respondent

also contends that the petition is procedurally barred.  For the reasons that follow, the

Magistrate Judge finds that the petition is time-barred.   Accordingly it is not necessary to

address the Respondent's contention that the petition is procedurally barred.

The AEDPA's one-year period of limitation applies to habeas petitions filed after the

Act's effective date of April 24, 1996. Weaver v. Bowersox, 241 F.3d 1024, 1029 (8th Cir.

2001).  The AEDPA provides in pertinent part that the limitation period shall run from the

latest of - - "(A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review; . . . or (D) the date on which

the factual predicate of the claim or claims presented could have been discovered through

---

[1] Petitioner tendered his habeas petition to prison authorities for mailing on August 31, 2005. A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).

the exercise of due diligence." 28 U.S.C. § 2244(d)(1). "The trigger in 2244(d)(1)(D) is

(actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts'

legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)); Brackett v. United

States, 270 F.3d 60, 69 (1st Cir. 2001), cert. denied, 535 U.S. 1003 (2002).

The operative date in this case for purposes of § 2244(d)(1) is the date on which the

factual predicate of Petitioner's claims concerning the trial court's running of his fifty-year

and ten-year sentences consecutively to his prior twenty-one year sentence could have

been discovered through the exercise of due diligence.  The Magistrate Judge finds that

Petitioner could have discovered the factual predicate of his claims on May 10, 1989, the

date on which the circuit court entered an amended judgment and commitment order

ordering that Petitioner's fifty-year and ten-year sentences run consecutively to his prior

twenty-one year sentence.   Where the operative date under § 2244(d)(1) is prior to the

AEDPA's effective date of April 24, 1996, as in this case, the prisoner has a one-year

grace period, ending April 24, 1997, to file his habeas petition in federal court. See Ford

v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999).  The Magistrate Judge finds that the filing

deadline for Petitioner's habeas petition was April 24, 1997, unless the one-year period of

limitation was tolled.

The AEDPA contains a tolling provision which provides: "The time during which a

properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of

limitation . . . ." 28 U.S.C. § 2244(d)(2).  "A 'properly filed' application is one that meets all

the state's procedural requirements." Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir. 2002),

cert. denied, 539 U.S. 933 (2003).  The limitations period is not tolled during the pendency

of state post-conviction proceedings commenced after the limitations period has already expired. Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir.), cert. denied, 537 U.S. 901 (2002); Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir.), cert. denied, 540 U.S. 971 (2003).  Petitioner filed his state habeas corpus petition after the expiration of the statute of limitations on April 24, 1997. Accordingly, no time is excludable under § 2244(d)(2) based on time this petition was pending in state court.  The Magistrate Judge further finds that no time is excludable based on the time Petitioner's petition for correction of illegal sentence was pending in state court as this petition was filed and disposed of well before the statute of limitations began running. See Brown v. Dretke, 2004 U.S. Dist. LEXIS 729, recommended disposition at 5 (N.D. Tex. Jan. 22, 2004), adopted by order of district court, 2004 U.S. Dist. LEXIS 5700 (Feb. 24, 2004); Smith v. Jones, 2002 U.S. Dist. LEXIS 24613 at 6 n. 3 (E.D. Mich. Nov. 26, 2002). In conclusion, no time is excludable under § 2244(d)(2).

Equitable tolling may provide an individual relief from the AEDPA's statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 125 S. Ct. 1807, 1814 (2005). The Eighth Circuit has held that equitable tolling is appropriate only when

"extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time," <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert. denied</u>, 534 U.S. 863 (2001), "the State prevents the prisoner from taking more timely action," <u>Beery</u>, 312 F.3d at 951, or the Respondent has lulled the Petitioner into inaction, <u>Kruetzer</u>, 231 F.3d at 463.  Lack of understanding of the law does not amount to an extraordinary circumstance beyond a prisoner's control. <u>Cross-Bey</u>, 322 F.3d at 1016.

The Magistrate Judge finds that Petitioner has not alleged facts demonstrating that he has pursued his rights diligently or that extraordinary circumstances beyond his control made it impossible for him to file his habeas petition on time.  Furthermore, he has not alleged  facts demonstrating that the State prevented him from taking more timely action or that the Respondent lulled him into inaction. Accordingly, equitable tolling is not appropriate in this case.

The filing deadline for Petitioner's habeas corpus petition was April 24, 1997. Petitioner filed his habeas petition in this Court on August 31, 2005. Accordingly, his petition was not timely filed under § 2244(d)(1), and the Magistrate Judge recommends that the petition be dismissed with prejudice.[2]

---

[2] It is important to note that Petitioner contends that the AEDPA's one-year statute of limitations constitutes a suspension of the writ of habeas corpus in violation of the Suspension Clause of the Constitution.  U.S. CONST. art. I, § 9, cl. 2.  Because the AEDPA's one-year statute of limitations "leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus." <u>Lucidore v. New York State Division of Parole</u>, 209 F.3d 107, 113 (2d Cir.), <u>cert. denied</u>, 531 U.S. 873 (2000); <u>Rodriguez v. Artuz</u>, 161 F.3d 763, 764 (2d Cir. 1998)). <u>See also</u> <u>Wyzykowski v. Dep't of Corrections</u>, 226 F.3d 1213, 1217 (11th Cir. 2000) (Section 2244(d)'s "limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 1st day of November, 2005.


_____
UNITED STATES MAGISTRATE JUDGE

---

unconstitutional suspension of the writ of habeas corpus."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1334 (11th Cir. 2001) (same), <u>cert. denied</u>, 535 U.S. 1013 (2002).